UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ELECTRICAL MANUFACTURERS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA ENERGY COMMISSION, et al., <br><br> Defendants. | No. 2:19-cv-02504-KJM-DB <br><br> <u>ORDER DENYING TEMPORARY RESTRAINING ORDER</u> |

On December 13, 2019, plaintiffs National Electrical Manufacturers Association ("NEMA") and American Lighting Association ("ALA") filed a complaint against the California Energy Commission ("CEC") and its Chairman and Commissioner in their official capacities; plaintiffs sought declaratory and injunctive relief challenging CEC's application of a 45-lumens-per-watt energy conservation standard to five types of general service lamps ("GSLs") with new definitions of GSLs taking effect January 1, 2020. Compl. ¶ 1, ECF No. 1. On December 20, 2019, plaintiffs filed a motion for a temporary restraining order requesting an order to show cause as to why a preliminary injunction should not be granted. Mot. at 1, ECF No. 11. Defendants filed an opposition to the motion for a temporary restraining order on December 26, 2019.

1

Opp'n, ECF No. 16. The court held a telephonic hearing with the parties on December 27, 2019. *See* ECF No. 24. Sean Marotta and Nathaniel Nesbitt appeared for plaintiffs; Matthew Goldman appeared for defendants, with defendants' additional representatives Darcie Houck, Michael Murza, Lisa DeCarlo and Patrick Saxton available to answer questions. For the reasons briefly provided below, the court DENIES plaintiffs' motion for a temporary restraining order without prejudice to plaintiffs' filing a motion for a preliminary injunction.

I. DISCUSSION

    A. <u>Legal and Statutory Background</u>

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). In applying these factors, the court may focus on whether plaintiffs have raised "serious questions going to the merits" and "the balance of hardships tips sharply in plaintiff's favor," while still considering all *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

Plaintiffs' case invokes the federal Energy Policy Conservation Act (EPCA) and its implementing regulations related to efficiency standards for GSLs. Opp'n at 8; Mot. at 3. Plaintiffs claim the CEC's issuance of regulations to take effect January 1, 2020, which incorporate definitions different from new 2019 federal definitions of GSLs and apply a 45-

2

lumens-per-watt efficiency standard to those lamps, violates EPCA. Mot. at 1. Defendants argue the CEC exercised power under at least one exception to EPCA's preemption provision and properly relied on the federal definitions in effect in 2017, when the CEC began its own rulemaking process. Opp'n at 8–9. While the EPCA generally preempts state law, it provides three exceptions to its preemption provision: (1) if the federal Department of Energy ("Department") had established a final rule by a prior statutory deadline set by Congress, California and Nevada were able to implement that final rule two years earlier than the rest of the nation under 42 U.S.C. § 6295(i)(6)(A)(vi)(I); (2) if the Department failed to establish a final rule by the statutory deadline then California and Nevada may adopt a statutorily prescribed 45-lumens-per-watt "backstop standard" two years prior to that standard's taking effect nationwide, 42 U.S.C. § 6295(i)(6)(A)(vi)(II); and (3) if the Department failed to adopt a final rule by the statutory deadline, then California also may adopt regulations related to the covered products, defined as consumer products specified in 42 U.S.C. § 6292, to the extent such adoption is authorized by state statute, under 42 U.S.C. § 6295(i)(6)(A)(vi)(III). In enacting the exceptions to preemption, Congress recognized, among other things, California's history of leadership in energy efficiency regulations, as the Ninth Circuit has recognized. *See Air Conditioning and Refrigeration Institute v. Energy Res. Conservation and Dev. Comm'n*, 410 F.3d 492, 495 (9th Cir. 2005) ("California boasts an extensive and laudable appliance efficiency program."); *see also Nat'l Elec. Mfr. Ass'n v. Cal. Energy Comm'n*, No. 2:17 CV-01625-KJM-AC, 2017 WL 6558134, at *9-10 (E.D. Cal. Dec. 22, 2017) ("Concerns about patchwork regulations are minimal because California is the only state permitted to implement its own regulations beyond adopting the backstop requirement.").

B. *Winter* Factors Analyzed

Plaintiffs have not met their burden of establishing the factors necessary for the court to grant their motion for a temporary restraining order. Most importantly, plaintiffs have not established a likelihood of success on the merits of their claim. *See Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) ("even if the balance of the hardships tips decidedly in favor of the moving party, it must be shown as an irreducible

3

minimum that there is a fair chance of success on the merits") (quoting *Martin v. International Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984)). Defendants argue persuasively that the second and third exceptions to the express preemption provision described above apply here and allow the CEC to implement the rule incorporating the GSL definitions that plaintiffs challenge. The chronology of relevant agency actions, or the lack thereof, supports this conclusion: The Department did not begin a rulemaking process by January 1, 2014 and did not adopt a final rule to consider whether to change efficiency standards for GSLs by January 1, 2017, dates set by Congress. As defendants accurately explain, the CEC thus was able to adopt regulations scheduled to take effect on January 1, 2020, incorporating the 45-lumens-per-watt backstop standard also set by Congress, which it did in January 19, 2017; in so doing, the CEC exercised its authority under California's Warren-Alquist Act, Cal. Pub. Res. Code § 25402, a state law in effect as of December 19, 2007. *See* Opp'n at 9, 16, 21. On April 21, 2017, the CEC provided notice of its intent to adopt the federal definitions of GSLs then in effect; after a rulemaking and public notice and comment period, on November 13, 2019, the CEC then adopted those definitions as part of its regulations.[1] Defendants' counsel represented at hearing that the amendment to the regulations has been approved by the California Office of Administrative Law, as of December 24, 2019. The court concludes, on the current record, that at each step of the way, the CEC has operated as allowed by EPCA exceptions to preemption applicable to California.

    As noted, well after the CEC initiated its rulemaking process to adopt the 2017 federal definitions, the federal Department of Energy in early 2019 took steps to modify those definitions once again, effectively to restore definitions that had been in effect prior to 2017. The Department finalized its process, adopting the earlier definitions, on September 5, 2019.

---

[1] Defendants requested the court take judicial notice in support of their opposition to the motion for a temporary restraining order. ECF No. 16-1. The request covers exhibits from the CEC's docket for its rulemaking process, as well as portions of the record relating to a separate challenge to the Department's 2019 changes to GSL definitions brought by more than a dozen state attorneys general in the Second Circuit. Goldman Decl., Ex. 1-8. Defendants' request is unopposed. The court takes judicial notice as requested.

Plaintiffs argue the CEC's rulemaking process represents a "collateral attack" on the Department's 2019 changes to the federal definitions, but this cannot be, given that the CEC's process preceded the Department's and was virtually complete by the time the Department concluded its revisions.[2] Rather, the CEC took steps to adopt the federal GSL definitions that were in place on January 1, 2017, a date that corresponds with a statutory deadline set by Congress, at a time when there was no indication the Department in 2019 would revise the definitions again, after the CEC began its rulemaking process. When asked at hearing how they countered defendants' position that the EPCA's anti-backsliding rule protects prospective action, such as the CEC's adoption of the January 2017 GSL definitions effective January 1, 2020, Opp'n at 10 (citing to *See Nat. Res. Def. Council v. Abraham*, 355 F.3d 179 (2d Cir. 2004)), plaintiffs did not point to any countervailing authority.

        Plaintiffs also have not demonstrated the likelihood of irreparable harm in the absence of preliminary relief. Plaintiffs' declarations are generalized, and as defendants aptly note contain "boilerplate assertions" regarding the harm they assert they will experience and that will befall customers as well as the potential lost revenue to third party retailers. *See, e.g.,* Gatto Decl. ¶ 14; Dolan Decl. ¶ 14; Page Decl. ¶ 15; Strainic Decl. ¶ 22.

        Based on their inability to satisfy the first two *Winter* factors, plaintiffs have not met their burden of demonstrating the balance of the equities favors granting a temporary restraining order.

        Finally, plaintiffs have not shown granting the temporary restraining order is in the public interest. While plaintiffs argue the public interest would be served by avoiding a violation of federal law, the court has found above that the regulations do not violate federal law in light of the express exceptions to preemption enjoyed by California. Moreover, plaintiffs conceded at hearing they do not have standing to speak for California consumers nor have they provided declarations from consumer representatives. The CEC's new rule in fact garnered significant

---

[222] As discussed with the parties at hearing, California, with other states, is challenging the Department's 2019 adoption of GSL definitions in the Second Circuit. That challenge however does not warrant a stay of this action.

support from consumer groups who testified in support of it at CEC proceedings, as supported by one of defendants' exhibits of which the court has taken judicial notice. *See* Opp'n, Ex. 8.

Plaintiffs have not carried their burden on any *Winter* factor and their current motion must be denied.

II. CONCLUSION

For the foregoing reasons, the court DENIES plaintiffs' motion for a temporary restraining order.

IT IS SO ORDERED.

DATED: December 31, 2019.

_____
UNITED STATES DISTRICT JUDGE